IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Timothy Charley, # 265146,<br><br>                      Petitioner,<br><br>    vs.<br><br>State of South Carolina,<br><br>                      Respondent. | Civil Action No. 6:14-2151-JMC-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

      The petitioner, a state prisoner proceeding *pro se*, seeks a writ of mandamus. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed by prisoners and to submit findings and recommendations to the District Court.

      The petitioner is an inmate at the Allendale Correctional Institution of the South Carolina Department of Corrections. The South Carolina Department of Corrections website (http://public.doc.state.sc.us/scdc-public/, last visited on June 4, 2014) indicates that the petitioner is serving a fifteen-year sentence for an armed robbery conviction entered in the Court of General Sessions for Orangeburg County (No. 2004-GS-38-1055).

      In the above-captioned case, the petitioner seeks a writ of mandamus to compel the Circuit Court for Orangeburg County to execute his default judgment entered against the respondent on May 1, 2014 (doc. 1 at 1). The petitioner seeks a court order directing the Clerk of Court for Orangeburg County to seize the property of the respondent in the state court case (doc. 1 at 2). The petitioner contends that United States district courts, pursuant to 28 U.S.C. § 1361, have original jurisdiction to issue a writ of mandamus

to compel any officer or employee of the United States to perform a duty owed to him (doc. 1 at 2–3).  The petitioner indicates that in the state court case he sought release from the South Carolina Department of Corrections and $5,872,000,000 in damages (doc. 1 at 3).

Appended to the petition are various exhibits.  Those exhibits included letters from the petitioner to Attorney General Alan Wilson (doc. 1-2 at 1) and Governor Nikki Haley (doc. 1-2 at 2–3);  a photocopy of an e-mail sent to the petitioner's post-conviction counsel from an Assistant South Carolina Attorney General (doc. 1-3); a letter dated December 19, 2013, from the South Carolina Bar to the petitioner (doc. 1-4); a letter dated December 10, 2013, from South Carolina Circuit Judge Dianne S. Goodstein apprising the petitioner of the rule against *ex parte* communications (doc. 1-5); a letter dated January 17, 2014, from the Office of Disciplinary Counsel to the petitioner in Matter No. 14-DE-L-0012 (doc. 1-6); a letter dated April 28, 2014, from the petitioner to the Clerk of Court for Orangeburg County, wherein the petitioner requested a default judgment (doc. 1-7 at 1); the petitioner's motion for default judgment in Case No. 2012-CP-38-01016 (doc. 1-7 at 2–4); and a letter dated October 3, 2012, from the Aiken County Sheriff's Office to the petitioner (doc. 1-8).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996.  The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008).  Even under this less stringent standard, the petition is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure

in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

This court cannot issue a writ of mandamus against the respondent because the respondent is a state entity. *Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587–88 (4th Cir. 1969) (federal courts lack jurisdiction to issue writ of mandamus directed at state officials or state courts). This court lacks subject-matter jurisdiction over a request for a writ of mandamus directed at the State of South Carolina or the Circuit Court for Orangeburg County. *See Smith v. Shwedo*, C.A. No. 3:12-2286-CMC-PJG, 2012 WL 5463207, at *3 (D.S.C. Oct. 23, 2012), *adopted by* 2012 WL 5463089 (D.S.C. Nov. 8, 2012).

Accordingly, it is recommended that the above-captioned case be dismissed *without prejudice* and without requiring the respondent to file an answer or other response. The petitioner's attention is directed to the important notice on the next page.

June 5, 2014                                  s/ Kevin F. McDonald
Greenville, South Carolina             United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).